IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KAMALUDDEEN RAHEEM RUSSAW and DAJIA BRUNSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.  1:14cv1157-WKW-WC |
| OFFICER SCOTT OWENS, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On November 14, 2014, Plaintiff Kamaluddeen Raheem Russaw filed this suit alleging that Officer Scott Owens violated Plaintiff Russaw's constitutional rights. *See* Compl. (Doc. 1) at 1-8. Plaintiff Russaw thereafter amended his complaint. Am. Compl. (Doc. 7), Order (Doc. 9) (construing Doc. 7 as amended complaint). On January 15, 2015, the District Judge entered an Order (Doc. 10) referring the case to the undersigned Magistrate Judge for "all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Plaintiff Russaw sought leave to proceed *in forma paup*eris, which the court granted except to the extent that Plaintiff Russaw must pay a partial filing fee of $21.08 per month from his Inmate Prison Account until the filing fee is paid in full. Order (Doc. 4).

Based on the request for leave to proceed *in forma pauperis*, the complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v.*

*Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii). Based upon a careful review of the complaint, the undersigned concludes that Plaintiffs have failed to state a claim upon which relief could be granted and that, consequently, the complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(ii).

## I. BACKGROUND

After amending his original complaint, Plaintiff Russaw sought leave from the court to again amend his pleading, this time for the purpose of adding a plaintiff, his fiancée, Dajia Brunson. Mot. (Doc. 13). The motion was denied based on Ms. Brunson's failure to sign the purported amended pleading; however, the court granted leave for Plaintiff Russaw to file a second amended complaint containing all parties and all claims on which he wished to proceed. Order (Doc. 18) at 1-3.

On May 27, 2015, Plaintiff Russaw filed "motion for leave of court to amend." (Doc 19). As is ordered below, the court will construe this document as the Second Amended Complaint. The Second Amended Complaint is brought on behalf of Plaintiff Russaw and Plaintiff Dajia Brunson against Investigator Scott Owens, Houston County, the Houston County District Attorney, and "the Sheriff of Houston County," as well as "Officer John Doe." Second Am. Compl. (Doc. 19) at 1. It does not appear to the court that Plaintiffs have named the Dothan Police Department as a defendant.

Plaintiffs allege that on May 23, 2013, while "leisurely in the city of Dothan, Alabama," Plaintiffs were driving when "[g]unshots began to r[i]ng out," and Plaintiffs realized their vehicle was the target of the gunfire.  Second Am. Compl. (Doc. 19) at 3. Plaintiffs were able to "escape unharmed" by driving away from the scene. *Id.* at 3-4. Once at a safe location, Plaintiffs "visually inspected their vehicle to confirm their belief that their vehicle w[as], in fact, actually struck by gunfire." *Id.* at 4.  Accordingly, Plaintiffs "believe[d] they were the object of someone[']s desire(s) . . . to murder them both." *Id.*  Plaintiff Russaw instructed Plaintiff Brunson to call 911 and report the shooting. *Id.*  Dothan Police Department responded to the call. *Id.*  However, prior to the arrival of the Dothan Police Department, Plaintiff Russaw "rationally th[ought] that he may have been the centralized target of the shooting" so he left the scene, leaving Plaintiff Brunson alone to provide a report. *Id.*  Plaintiff Brunson did provide a full report to Officer Scott Owens of Dothan Police Department.  Plaintiffs allege that Officer Owens "failed to follow the process of pre-arrest investigation of [Plaintiff] Brunson[']s report." *Id.* at 5.

Later that night, Plaintiffs were visiting relatives when "gunfire abruptly erupted a second time from the same location where the defendant was informed and was advised to conduct his pre-arrest investigative efforts." *Id.*  At some time thereafter, "Plaintiff[ Russaw]'s posture changed from a potential victim to a suspect." *Id.*  "[T]wo persons sustained gunshot wounds" and "[Plaintiff Russaw], along with others, was subsequently . . . criminally charged in that incident." *Id.* at 6.

Based on these allegations, Plaintiffs assert that Officer Owens violated their constitutional rights and violated various statutes by failing to adequately investigate the report given to Officer Owens by Plaintiff Brunson. Plaintiffs allege that Defendants are "legally responsible for the investigation and safety of all citizens through[out] the District of Columbia," and that Officer Owens's "failed to process the pre-arrest report defying due process." Second Am. Compl. (Doc. 19) at 2-3. Plaintiffs seek declaratory relief, the imposition of criminal punishments against Defendants, "compency damages," special damages, an investigation of each defendant, and all costs. *Id.* at 18-20.

## II.     ANALYSIS

A review of the sufficiency of Plaintiffs' Second Amended Complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient

4

if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]"  *Twombly*, 550 U.S. at 555.  *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Thus, in order to satisfy Rule 8(a), Plaintiffs' Second Amended Complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.  Factual allegations that are 'merely consistent with' a defendant's liability, however, are not facially plausible."  *Id*. (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).  Accordingly, Plaintiffs' Second Amended Complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review

under § 1915(e). As set out below, the undersigned concludes that Plaintiffs' Second Amended Complaint fails to withstand such scrutiny.

First, the court considers Plaintiffs' claims presented under a heading entitled "Legal Claim." Second Am. Compl. (Doc. 19) at 18. Plaintiffs recite various statutes and other legal authorities, including Universal Declaration of Human Rights, 18 U.S.C. § 241, 18 U.S.C. § 242, 42 U.S.C. § 1985, and 42 U.S.C. § 1986. *Id.* Plaintiffs have failed to state specific, viable claims for relief against Defendants under any of these authorities. Having simply recited to the court various legal authorities, Plaintiffs' claims are nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" prohibited by *Iqbal*, 556 U.S. at 678. The Second Amended Complaint therefore lacks the "factual enhancement" necessary to sustain a viable claim for relief under Rule 8.

The undersigned continues with analysis of Plaintiffs' claims that Defendants violated Plaintiffs' constitutional rights, including equal protection, due process, and the right to be free from cruel and unusual punishment. Plaintiffs assert that "Defendants violated the United States Constitution and state law by failing to provide a level of protection a reasonable officer would have provided in similarly situated cases." Second Am. Compl. (Doc. 19) at 18. "[T]he Supreme Court [has] recognized that government officials are not liable under § 1983 for the failure to provide police protection unless some special relationship with the victim exists." *Trethewey v. DeKalb Cty., Ga.*, 662 F. Supp. 246, 248 (N.D. Ga. 1987) (citing *Martinez v. California*, 444 U.S. 277 (1980)). Plaintiffs have not alleged any special relationship exists between them and

Defendants. Accordingly, Plaintiffs did not have a constitutional right to better police protection or investigation, and Defendants are not liable under § 1983.

Moreover, a review of Plaintiffs' Second Amended Complaint makes clear beyond doubt that Plaintiffs can prove no set of facts in support of his claim that Defendant violated Plaintiffs' Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment does not protect an individual from cruel and unusual punishment prior to formal criminal adjudication. *See Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."); *Baker v. Putnal*, 75 F.3d 190, 198 (5th Cir. 1996) ("[T]he Eighth Amendment . . . protects only those who have been convicted."); *Lynch v. Cannatella*, 810 F.2d 1363, 1375 (5th Cir. 1987) ("the eighth amendment prohibition against cruel or unusual punishment is not applicable to cases in which the plaintiffs were not in custody as a result of having been convicted of a crime"); *Benedict v. Sw. Penn. Human Servs., Inc.*, No. 2:14-CV-0678, 2015 WL 1359147, at *14 n.6 (W.D. Pa. Mar. 24, 2015) ("if there has not yet been adjudication and punishment issued, there can be no cruel and unusual *punishment* for Eighth Amendment purposes"); *Dillon v. Clackamas Cnty.*, No. 3:14-CV-00820-ST, 2014 WL 6809772, at *5 (D. Or. Dec. 2, 2014) ("The Eighth Amendment bar to "cruel and unusual punishment" applies only to convicted prisoners."). The Complaint does not allege any facts that Plaintiff Brunson was ever subject to formal criminal adjudication, and it does not allege that Plaintiff Russaw has been subject to cruel and unusual punishment at any time following

his formal criminal adjudication. Accordingly, Plaintiffs' § 1983 claim alleging violations of the Eighth Amendment is due to be dismissed for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

For all of the reasons stated above, the undersigned concludes that Plaintiffs have failed to state a claim upon which relief could be granted. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiffs' Second Amended Complaint be DISMISSED prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, it is

ORDERED that Plaintiffs' Motion for Leave of Court to Amend (Doc. 19) is hereby construed as Plaintiff's Second Amended Complaint. It is further

ORDERED that Plaintiffs are DIRECTED to file any objections to the said Recommendation **on or before February 4, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning*

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiffs are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Done this 21st day of January, 2016.

                                            /s/ Wallace Capel, Jr.
                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE